In Special Term—Before Storer, J.

### FISHER *vs*. MURDOCK et al.

The Superior Court of Cincinnati, has no jurisdiction to enforce a lien upon real estate, without the limits of the city. Service upon the person within the city does not authorize a decree to subject real property, foreclose a mortgage, or enforce a lien upon such property, if the *situs* is not within the city.

To give jurisdiction over the person, when the procedure is under the §14 of the law organizing this Court, or the §45 of the Code, the party served in the city must be a real party, one who is directly interested in the contract sought to be enforced, one against whom a judgment may be rendered : a mere lien-holder ought not to be regarded as such a party.

Storer, J.

The petition is filed to recover money, and enforce a mechanic's lien; the property on which it is alleged to exist being in the County of Hamilton, but without the limits of the City of Cincinnati: a motion is made to dismiss the proceedings for the want of jurisdiction; and all the parties save one, who is a lien-holder only, are non-residents.

If the defendants had not answered, and denied their liability for the debt set up in the petition, I should dismiss all the proceedings. By the answer, the defendants have submitted to our jurisdiction, and cannot now be permitted to withdraw their assent. It is, however, *in personam* only, that we can proceed.

If we have no jurisdiction by law over the subject matter, we cannot take cognizance *in rem*; nor can we gain any power by the assent of the parties; such consent may take away error, but cannot confer jurisdiction, where it does not otherwise exist.

We are referred to the first clause of the §14 of the law organizing this Court to sustain the claim. It is there stated, "that where the subject matter of the ac-

tion, if for the *recovery of real property*, or *for the sale of real property*, under a *mortgage*, or *lien*, or *other charge*, or incumbrance, is within the limits of the city, we may take jurisdiction. This clause is clear, and I do not understand that it is modified or explained, or extended by any subsequent part of the act; we find no section inconsistent with its provisions; we do not find any new power in the fifth clause of §14, to which we have been directed; nor is there anything in its language, or connection, to authorize any other construction, than that we have already given. It is never permitted in the construction of statutes, to disregard the positive provisions of one portion of a law, unless there is direct repugnance to the clause in some subsequent part of the statute, nor yet to modify or alter what admits of no doubt.

By §45 of the Code, all real actions, as well as those to foreclose mortgages and subject liens, are confined to the county where the property lies. And this was but the remedy given by the §72 of the Chancery Act—*Swan's Statutes* 718; and what had existed from the earliest history of our practice, where the process was to subject mortgage property to sale. 14 *Vol. O. L.* 398.

We cannot regard the mere addition of a person as defendant, to those who are really defendants, if he should reside in the city, and is only collaterally connected with the litigation, who is neither a contracting party nor liable to the judgment that may be rendered, as authorizing an action against defendants who reside without the jurisdiction of the court, under the §14 of the law establishing the court, or the §53 of the Code: a lien-holder only, is not such a person, who can be made defendant, to entitle the plaintiff to bring the real parties within our jurisdiction.

69

As the parties have answered, we will take jurisdiction to try the validity of the plaintiff's claim to damages: but we disclaim all jurisdiction to enforce the lien.

WOODRUFF & HOPKINS for plaintiff.

JACOB BURNET for defendants.