[*General Term, January,* 1872.]

### W. A. GOODMAN *v.* DAVID McCALL ET AL.

The lien of a judgment rendered in the Superior Court of the city of Cincinnati extends without levy to lands of the judgment debtor lying within the county of Hamilton, but outside of the limits of said city.

*Wm. Disney,* for plaintiff.

*J. B. Crapsey, Teetor & Cole,* and *Judson Harmon,* for defendants.

WALKER, J.   The only question before us in this case is, whether the lien of judgments in this court extends, without levy, to lands of the judgment debtor lying within the county of Hamilton, but outside of the limits of the city of Cincinnati.

The question of the lien of judgments is purely a matter of statutory regulation.   The question is, therefore, to be determined upon a review of the various statutes of the State bearing upon this subject.

Section 20 of an act to establish the Superior Court of Cincinnati, passed April 7, 1854, is as follows: " Sec. 20. All laws now in force, or which may hereafter be enacted, conferring jurisdiction, in the actions above enumerated, upon the courts of common pleas or district courts, giving them power to hear and determine such cases, and to preserve order and punish contempt, regulating their practice and forms of process, *prescribing the force and effect of their judgments, orders, or decrees,* and authorizing or directing

the execution thereof, shall be held and deemed to extend to the said Superior Court of Cincinnati as fully as they extend to the said courts of common pleas and district courts, unless the same be inconsistent with this act or *plainly* inapplicable; and the said Superior Court of Cincinnati, in respect of the form and manner of all pleadings therein, and the force and effect of its judgments, orders, and decrees, shall be deemed and held a court of general jurisdiction; and the said court at General Term shall sign bills of exception, if required, the same as is provided for in trials before the district courts of Ohio."

Now, section 421 of the code is as follows: "Sec. 421. The lands and tenements of the debtor, within the county where the judgment is entered, shall be bound for the satisfaction thereof from the first day of the term at which judgment is rendered; but judgments by confession, and judgments rendered at the same term at which the action is commenced, shall bind such lands only from the day on which such judgments are rendered. All other lands, as well as goods and chattels of the debtor, shall be bound from the time they shall be seized in execution."

This seems to be the only section in the code prescribing the lien of judgments, and it clearly prescribes the *force and effect* of judgments. Its language is so broad that it plainly includes a judgment of the Superior Court of Cincinnati, since the judgments of that court are entered in the county of Hamilton, within which this land lies.

The judge below found that the judgments of the court were not a lien on the lands within the county of Hamilton, but outside of the limits of the city of Cincinnati. There is evidently nothing in the wording of this section to create such a limit. It would embrace these judgments as well as those of the Court of Common Pleas, for the one is as certainly entered within the county as the other. Yet any lien of the judgments of this court, even within the limits of the city, must depend upon this section, as it has been repeatedly held in this State that judgment liens are purely

the creatures of statute. *Davidson* v. *Root*, 11 Ohio, 100; *Lessee of Sellers* v. *Corwin*, 5 Ohio, 398; *Corwin* v. *Benham*, 2 Ohio St. 36, 38.

Now the judgment of the court below, while impliedly recognizing that the judgments of this court have a lien on lands within the limits of this city, which can only be by virtue of this section, and the incorporation of it in the act creating this court, by the reference in section 20 above cited, inserts in it, *by construction*, an exception that in the case of this court the lien shall exist only within the limits of the city to which its general jurisdiction is limited. For this we can see no reason, and to make such an interpolation by construction, stong reasons should be shown.

As the extent of the lien is, as we have said, purely statutory, it may extend beyond, or be limited to, or not be as extensive as, the jurisdiction of the court. There would be nothing impracticable in the legislature extending the lien of the judgments of the Court of Common Pleas throughout the State without levy, though there would be manifest inconvenience and great insecurity of titles in consequence. But no such inconvenience exists in this case; the judgments of this court and of the Court of Common Pleas being entered and kept in the same room of the same building, and the clerk of that court being *ex-officio* the clerk of this. On the contrary, the inconvenience, whatever it might be, would be the other way, as then the question of locality would always have to be looked up, whereas, if the other construction be the true one, the only question as to judgment liens is as to the county liens. Upon inquiry, we are assured that it has been the uniform practice of persons examining title, to examine the records of both courts for judgments, although the land in question lay outside the city limits. By allowing the words of the code their plain meaning, therefore, we shall be acting in accordance with, not contrary to, the practice and understanding of the bar, and shall not be undermining titles, which every court should avoid, if possible.

There was a statute passed February 10, 1857, amendatory to the act creating this court, which seems to us to somewhat strengthen this view. Among other things it extends the jurisdiction of this court to "actions in the nature of creditor's bills in aid of execution brought by a judgment creditor, who has obtained a judgment in the said court, to subject any interest of the judgment debtor in lands situate in Hamilton county to the payment of such judgment." S. & C. 391. Now, this intimates, so far as any intimation can be drawn from it, the intention of the legislature that the judgments of this court should, in all respects, be of the same weight as the Court of Common Pleas, within the limits of the county. No one doubts that these judgments became liens, *as soon as levied,* upon lands outside of the city and within the county, but before this amendment the court could not have reached interest in lands which could not have been levied upon, but the action must have been brought in the Court of Common Pleas.

Again, the same language nearly is used in a statute prescribing the lien of judgments of the Supreme Court of this State (S. & C. 385), which gives a lien "in all cases where such lands and tenements lie within the county where the suit originated." Now, suppose a suit to be taken up from this court and judgment to be entered in the Supreme Court. If the construction of the judge below is correct, you will either have this judgment, with a different lien from the other judgments in suits commenced in this court, and, as the mandates will be entered in the records of this court, they must still be searched by persons looking up title, or else, having construed an exception into the section of the code, an exception must also be construed into this statute relating to judgments of the Supreme Court.

The judge below referred to the case of *Fisher* v. *Murdock,* in 1855, as having settled this rule, and having been followed since. But that case, decided in Special Term, is

reported in 1 Handy, 544, and it only decides that the court has no jurisdiction to enforce a mechanic's lien on property without the city limits, where the only resident of the city among the defendants was a lienholder. We can not see that this has any bearing upon the question, whether a judgment is a lien without levy.

Although it is with great reluctance we differ from the judge who announced the opinion in the court below, still we think the construction we have put upon it is the one plainly required by its words, and more consistent with the intent of the other legislation on the subject.