McGill *v.* Smith et al.

[*General Term, April*, 1872.]

W. R. McGILL *v.* G. W. SMITH ET AL.

A summons issued from the Superior Court of Cincinnati to the sheriff of Hamilton county can be properly served upon one of the defendants outside of the city limits and within the county, where another defendant, having a real and substantial interest in the action adverse to the plaintiff, is properly served within the city limits

*W. E. Jones*, for plaintiff.

*Fox & Bird*, for defendants.

HAGANS, J.    This is a suit on a promissory note for $200, made by George W. Smith and Menefee Huston, partners as George W. Smith & Co., and Jacob Thomas, payable to the order of the plaintiff. Summons was issued to the sheriff of this county, and served on Smith and Thomas.

Thomas moved to set aside the service of the summons on him, because it was made on him personally, when at his residence in Columbia township, in this county, which is not within the corporate limits of the city of Cincinnati; and also to set aside the judgment rendered against him by default.

The affidavit of Thomas in support of the motion merely shows that he was, at the time of the service of the summons, a resident of Columbia township, which is not within the corporate limits of the city of Cincinnati, and had been for forty-two years, and that he was personally served with summons in this case at his said residence, and that the affidavit was made for the purpose of having the service set aside.

. The judge who tried both motions overruled them, and a bill of exceptions was taken, and the cause brought here on error by the said Thomas.

The only question presented for our consideration is,

whether the service of the summons on Thomas was proper and sufficient as a predicate of the judgment against him. To state the question specifically : Can a summons be issued from this court to the sheriff of this county, and be served outside of the city limits, within the county, where another defendant is properly served in the city ?

It may be a question whether the making of this motion, in the form in which it appears, is not a general appearance to the action, which operates to waive the alleged insufficiency of the service. We are not aware that the question raised here has been determined in this court. The uniform practice has been to serve the summons in such cases as this, and render judgment. There can be no question that if the defendant served in the city were a party, having a real and substantial interest in the action adverse to the plaintiff, and process had been issued to and served in another county in the State, it would be good. 1 S. & C. 390, sec. 15 ; *Fisher* v. *Murdock*, 1 Handy, 544 ; *Dunn* v. *Hazlett*, 4 Ohio St. 435 ; *Allen* v. *Miller*, 11 Ohio St. 374.

The other defendant, Smith, was properly served in the city, and is an actual party, having a real interest in the subject of the action. And it is admitted that if the summons had been to another county, and served on Thomas there, it would have been sufficient. And, in comparing the eighth subdivision of section 14 of the act to establish the Superior Court of Cincinnati, with sections 15 and 18 of the same act (1 S. & C. 388), we see no reason why the service in this case is not good. It would be anomalous, indeed, that process could run from this court, in a proper case, into any and every county in the State, and that it was yet intended by the act to exclude, in the same case, service of process in this county outside of the city limits, simply because the city is situated in this county. No rule of construction requires us to take so narrow a view of the sections referred to; nor, indeed, does, as we think, the language of the act justify it.

Judgment affirmed.